William PENNIX, Petitioner—
Appellant,

v.

Terry L. STEWART, et
al., Respondents—
Appellees.

No. 03–15346.

No. D.C. No. CV–98–00520–WDB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 2, 2003.

Decided Dec. 22, 2003.

Javier Chon–Lopez, Asst. Fed. Pub. Def., FPDAZ–Federal Public Defender's Office, Tucson, AZ, for Petitioner–Appellant.

Diane M. Ramsey, Robert Lawrence Ellman, Esq., AGAZ–Office of the Arizona Attorney General, Phoenix, AZ, for Respondent–Appellee.

Before O'SCANNLAIN, HAWKINS, and FISHER, Circuit Judges.

MEMORANDUM *

William Pennix ("Pennix") appeals the denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254. Pennix pled guilty to aggravated assault after threatening his wife with a knife, attempting to fire a jammed gun at her, and firing other shots and threatening several other of his family members. Sentenced to the maximum aggravated term of fifteen

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

years, Pennix alleges that his trial counsel was ineffective in failing to cross-examine his wife at the change of plea hearing and in failing to investigate and present mitigating evidence that Pennix was taking two prescription medications at the time of the assault that may have contributed to his actions. The Arizona Court of Appeals rejected these allegations.

Applying 28 U.S.C. § 2254(d)(1) and (2) and *Strickland v. Washington,* 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), we determine that the Arizona court's decision involved neither an unreasonable application of *Strickland* nor an unreasonable determination of the facts. Pennix failed to prove that he was prejudiced by his counsel's decision not to cross-examine his wife, the understandably hostile victim. He similarly failed to show prejudice with regard to his counsel's failure to present mitigating evidence of his prescription drug use. Even if counsel's lack of investigation were unreasonable, counsel did present other evidence of Pennix's dissociative state, along with evidence concerning his narcolepsy and two expert opinions that he was unlikely to be violent again.

AFFIRMED.

**UNITED STATES of America,
Plaintiff—Appellee,**

of this circuit except as provided by Ninth Circuit Rule 36–3.